# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| BRENDA YOUNG, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:19-cv-00699-DGK |
| HY-VEE, INC., et al., | ) ) | |
| Defendants. | ) ) | |

## ORDER DENYING MOTION TO REMAND

This lawsuit arises from Plaintiff Brenda Young's allegations that Defendant Hy-Vee, Inc. and a security officer the store hired, Defendant Gayla Faelske, discriminated and retaliated against her race, in violation of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.065, 213.070. Defendants removed this case from the Circuit Court of Jackson County, Missouri, by invoking the Court's diversity jurisdiction, 28 U.S.C. §§ 1441 and 1446. Hy-Vee claims Plaintiff fraudulently joined Faelske, a Missouri resident, to prevent removal.

Now before the Court is Plaintiff's Motion to Remand (Doc. 6). Because the Court holds Defendants have carried their substantial burden of proving fraudulent joinder, the motion to remand is DENIED.

**Standard**

A defendant may remove to federal court when the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. *Id.* § 1447(c). Where a party removes based on the court's diversity jurisdiction, the removing party bears the burden of proving the parties are citizens of different states and the

amount in controversy exceeds $75,000. *Id.* § 1332(a). Under the no-local-defendant or forum-defendant rule, a suit cannot be removed if a properly joined and served defendant is a citizen of the state where the lawsuit was filed. 28 U.S.C. § 1441(b)(2).

Under the doctrine of fraudulent joinder, however, a "court may disregard the citizenship of a non-diverse defendant who was frivolously joined in an effort to defeat removal." *In re Genetically Modified Rice Litig.*, 618 F. Supp. 2d 1047, 1052 (E.D. Mo. 2009). Joinder is fraudulent where the "applicable state precedent precludes the existence of a cause of action against the defendant." *Filla v. Norfolk & S. Ry.*, 336 F.3d 806, 810 (8th Cir. 2003). "However, if there is a colorable cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." *Id.* at 810–11 (citation omitted) (emphasis added). Thus, "'joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants.'" *Id.* at 811 (*quoting Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)).

In predicting whether state law might impose liability, the district court "should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Id.* "[T]he court has no responsibility to *definitively* settle the ambiguous question of state law." *Id.* "The court must simply determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant." *Id.* "[W]here the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Id.* (internal quotation marks omitted). The removing party bears the "substantial" burden of proving fraudulent joinder. *Dorsey v. Sekisui Am. Corp.*, 79 F. Supp. 2d 1089, 1091 (E.D. Mo. 1999).

**Factual Background**

Plaintiff is an African-American female. Defendant Faelske is a Caucasian female who works for a security company hired by Hy-Vee to patrol its stores. Defendant Hy-Vee operates a grocery store in Independence, Missouri.

In late July 2017, Plaintiff visited Hy-Vee to purchase two items: eggrolls and a cooked sausage. After checking out, she walked to her car, eating the sausage. While walking, she checked her receipt and noticed she was only charged for the eggrolls, so she turned around and walked back into the store to pay for the sausage. She returned with her half-eaten sausage and receipt and reentered the cashier's line.

After waiting in line for some time, Plaintiff heard what she believed to be her car's alarm going off in the parking lot. Concerned someone may have been trying to steal her car, Plaintiff stepped out of line to check on it. But before she reached the store exit, Faelske stopped her and accused her of stealing. Faelske took Plaintiff to a small room with several employees, all of whom were Caucasian and hostile to Plaintiff. When police arrived, Faelske insisted on filing a complaint against Plaintiff, despite Plaintiff's insistence that there had been a misunderstanding, which security footage would later verify. Municipal charges were brought against Plaintiff for the incident.

On January 24, 2018, Plaintiff filed discrimination charges with the Missouri Commission on Human Rights ("MCHR") and the federal Equal Employment Opportunity Commission ("EEOC"). In the "particulars" section of the MHRA charge, Plaintiff uses the word "Respondents," implying that there may be more than one actor who engaged in the discrimination (Doc. 1-2 at 19). Plaintiff, however, only specifically identifies Hy-Vee; she never named Faelske as a respondent nor followed the MHRA's procedures for joining Faelske as an unnamed

respondent. In fact, the only reference to Faelske in the MCHR charge was to the conduct of a "Caucasian manager at the store" (Doc 1-2 at 20). The record is unclear if the MCHR interviewed Faelske during the administrative process.

On May 28, 2019, after conducting its investigation, the MCHR issued Plaintiff a right-to-sue letter. Plaintiff timely filed this lawsuit in the Circuit Court of Jackson County, Missouri, on July 4, 2019. The Petition alleges Faelske was "employed" by Hy-Vee (Doc 1-2 at 10), and that since the charge was against "Respondents," the MCHR charge was against "multiple defendants," including Faelske (Doc 1-2 at 11). The Petition seeks actual damages, attorneys' fees and costs, and punitive damages. Defendants timely removed this case to federal court.

## Discussion

For purposes of determining diversity jurisdiction, Hy-Vee is an Iowa citizen; Faelske is a Missouri citizen; and Plaintiff is a Washington citizen.

Because Faelske is a citizen of Missouri, the forum-defendant rule would ordinarily compel this Missouri-based court to remand. Defendants contend Faelske was fraudulently joined to this lawsuit to prevent removal and ask the Court to ignore her citizenship for purposes of diversity. Defendants argue Plaintiff cannot bring an MHRA claim against Faelske because Plaintiff did not name Faelske in the discrimination charge filed with the MCHR, and no exception to the administration-exhaustion requirement applies.

In response, Plaintiff argues this Court does not have jurisdiction to determine whether an exception to the exhaustion requirement applies and, therefore, the Court must remand.[1]

---

[1] Plaintiff also argues Defendant's notice of removal was procedurally defective because it does not contain a short, plain statement of the removal grounds. Plaintiff's argument is unavailing because the gravamen of the notice is about jurisdictional facts, not jurisdictional allegations. "[Section] 1653 speaks of amending 'allegations of jurisdiction,' which suggests that it addresses only incorrect statements about jurisdiction that actually exist, and not defects in the jurisdictional facts themselves." *Iron Cloud v. Sullivan*, 984 F.2d 241, 243–44 (8th Cir. 1993) (*quoting Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 831(1989)).

4

Alternatively, Plaintiff argues that even if this Court has the jurisdiction to analyze the administrative-exhaustion factors, this case should be remanded because a state court judge could find an exception applies.

This Court has previously found Plaintiff's first argument without merit. *Carter v. GE Transp.*, No. 5:15-CV-06006-DGK, 2015 WL 4487961, at *4 (W.D. Mo. July 23, 2015). This Court routinely resolves disputed questions of fact to determine its subject matter jurisdiction. *Id.* (collecting cases where the federal court must resolve issues of disputed fact). Accordingly, this Court turns to Plaintiff's alternative argument and considers whether an exception to the exhaustion requirement applies here.

As a general rule, a plaintiff cannot sue a defendant under the MHRA without first exhausting her administrative remedies by filing a discrimination charge with the MCHR against that defendant. Mo. Rev. Stat. § 213.075(1). This charge must be filed within 180 days of the allegedly discriminatory act and must state "the name and address of the person alleged to have committed the unlawful discriminatory practice." *Id.* Failure to name an individual in an administrative charge may preclude bringing a subsequent civil action against that person. *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669–70 (Mo. 2009). If Plaintiff's failure to specifically name Faelske in the MCHR discrimination charge bars Plaintiff's MHRA claim against her, there is no reasonable basis in fact or law supporting a claim against Faelske, and the Court should find she has been fraudulently joined.

Missouri law, however, is forgiving when determining whether the MHRA's procedural requirements have been met. *See Alhalabi v. Mo. Dept. of Nat. Res.*, 300 S.W.3d 518, 525 (Mo. Ct. App. 2009) ("The Missouri Supreme Court has indicated that it takes a liberal approach to the fulfillment of procedural requirements under the MHRA."). The Missouri Supreme Court has held

5

that "the importance of maintaining the availability of complete redress of legitimate grievances without undue encumbrance" outweighs the interests served by the statute's procedural requirements, "especially [where] demanding full and technical compliance" would not advance the underlying purposes of the procedural requirements. *Hill*, 277 S.W.3d at 670. These purposes include giving notice to the charged party and providing an avenue for voluntary compliance without resort to litigation. *Id.* at 669.

A court considers four factors, referred to as the *Hill* factors, in deciding whether the failure to name an individual in an administrative charge bars a subsequent MHRA claim against that individual:

> 1. Whether the complainant could have ascertained the role of the unnamed party through reasonable efforts at the time of the filing of the charge;
>
> 2. Whether the interest of the unnamed party and the respondents are so similar that, for the purpose of obtaining voluntary reconciliation and compliance, including the unnamed party was unnecessary;
>
> 3. Whether the failure to include the unnamed party in the charge resulted in actual prejudice; and
>
> 4. Whether the unnamed party had somehow represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 669–70. The third factor is essential. *Id.* at 662.

As the proponents of federal jurisdiction, Defendants bear the burden of establishing these facts by a preponderance of the evidence. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) (noting when federal jurisdiction is challenged, the parties asserting diversity jurisdiction "must support their allegations by competent proof"). If Defendants cannot meet their burden, or if the

determination of these facts is intertwined with the merits of the case, the court should remand. *See Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009); *Johnson*, 534 F.3d at 963.

The Court finds Hy-Vee met its burden to demonstrate fraudulent joinder because a Missouri court would rule the *Hill* factors show no exception to the MHRA exhaustion requirement; therefore, Plaintiff fraudulently joined Faelske.

Looking to the first factor, Plaintiff could have easily ascertained Faelske's name at the time of the filing of the charge. Although Plaintiff may not have known or remembered Faelske's name at the time she filed the charge, she could have reached out to Hy-Vee to learn it. She did not. Additionally, Faelske filed a complaint with police and municipal charges were filed against Plaintiff. Despite having knowledge of these records, which would have allowed Plaintiff to ascertain Faelske's name, Plaintiff chose not to do so before filing her complaint with the MCHR. Hy-Vee has met its burden for the first factor.

The second factor also weighs in favor of Hy-Vee, since Faelske's and Hy-Vee's interests are not sufficiently similar for the purpose of obtaining voluntary reconciliation and compliance. Faelske was not employed by Hy-Vee, but rather, by a security company that Hy-Vee hired to maintain security at its Independence store. Hy-Vee never notified Faelske or her employer of Plaintiff's administrative charge nor asked her to "participate in the [MCHR] proceeding in any way"[2] (Doc. 8-1). Therefore, Hy-Vee had no reason to advance Faelske's interests in the administrative process. In fact, the two named defendants arguably have adverse positions; Hy-Vee very well may assert an indemnification claim against Faelske and/or her employer.

---

[2] Separate evidence of Faelske's non-inclusion in MCHR administrative process is demonstrated by the fact that the Right-to-Sue Notice was only mailed to the parties to the administrative process, that is, Plaintiff's Counsel, Sarah Liesen and Hy-Vee's Chief Counsel, Mic Jurgens. (Doc 1-2 at 23).

7

Moreover, Faelske, an individual, certainly has different interests in reconciliation than a large corporation like Hy-Vee. For example, Faelske may not view legal liability in the same way as Hy-Vee, and her economic position and ability to tolerate financial risk are not comparable to Hy-Vee's. Indeed, a judgment against Hy-Vee can be executed against its corporate assets only, while a judgment against Faelske puts her personal assets at risk. *Carter*, 2015 WL 4487961, at *5. And although a large corporation may have policy reasons for resisting or embracing reconciliation, an individual may have separate moral or personal reasons motivating her to participate in reconciliation. *Id*. Accordingly, Hy-Vee's and Faelske's interests are not sufficiently similar.

Third, Plaintiff's failure to name Faelske in the MCHR charge resulted in actual prejudice. Because she was not named in the MCHR charge, Faelske did not participate in the administrative process. She was unable submit documents. She was unable to respond to Plaintiff's charge. She was unable to engage in reconciliation without litigation. And she could not advocate for her personal interests.

The fourth factor also weighs against Plaintiff. To prevail on the fourth factor, Plaintiff must show that Faelske held herself out as the "virtual alter ego" of Hy-Vee. *Herring v. Yanfeng USA Auto. Trim Sys., Inc*., No. 5:19-CV-06044-NKL, 2019 WL 2270605, at *3 (W.D. Mo. May 28, 2019). Although Plaintiff understood "Faelske to be a manager at the store" (Doc. 9 at 7), there is no evidence that Faelske ever affirmatively represented to Plaintiff that she and Hy-Vee were one and the same. Absent such factual allegations, this factor favors Hy-Vee.

In balancing the four *Hill* factors, this Court finds that there is no "substantial identity of interest" between Faelske and Hy-Vee. *Hill*, 277 S.W.3d at 669. Thus, the Court holds that Plaintiff fraudulently joined Faelske, and it must ignore her for purposes of diversity. The only

8

remaining parties, therefore, are completely diverse, and the Court has subject matter jurisdiction over this case.

## Conclusion

The motion to remand (Doc. 6) is DENIED, as is Plaintiff's request for costs. Defendant Faelske is DISMISSED without prejudice.

**IT IS SO ORDERED.**

Date:  January 3, 2020             /s/ Greg Kays
                                   GREG KAYS, JUDGE
                                   UNITED STATES DISTRICT COURT